PIONKE, Appellant, vs. WASHBURN, Respondent.

*February 9—March 14, 1922.*

*Boundaries: Agreement to have survey made: Effect: Assess-
ment of damages by court and not by jury: Harmless error.*

1. A mere agreement to have a survey of lands made, without a
   further binding agreement to abide by any resulting change
   in the established and recognized lines, is insufficient to
   change the lines; and the fact that the defendant changed
   one line by reason of a survey so made to include additional
   land to the north did not change another line to the west.
2. One cannot complain that the court erred in assessing damages
   against him for trespass on the ground that the question was
   for the jury, where the damages allowed were the minimum
   amount disclosed by the evidence.

APPEAL from a judgment of the circuit court for Portage
county: BYRON B. PARK, Circuit Judge.  *Affirmed.*

The complaint alleged two separate causes of action,
each based upon defendant's alleged trespasses on lands
claimed to be owned by plaintiff, the first relating to a
narrow strip of about one acre on the westerly edge, and the
second to a small triangular piece of about one half an acre
at the southern extremity of the land claimed to be owned
by defendant.

Defendant alleged title by deed to the land involved and
also alleged exclusive and continuous possession thereof for
more than twenty years under claim of ownership and
relied upon several statutes of limitation in that behalf.
Defendant also counterclaimed praying to have his title
quieted to such real estate as against any claim by plaintiff,
and by amendment at the trial alleged a trespass by plaintiff
on defendant's lands and prayed for $100 damages for such
trespass.

At the close of the trial the court directed the jury to find
a verdict for the defendant, and, after denying plaintiff's
motion for a new trial, directed the entry of judgment dis-
missing plaintiff's complaint upon the merits and granting

defendant relief upon his counterclaim quieting his title to the lands as described in said judgment and with $10.50 damages on account of plaintiff's trespass thereon.  From such judgment the plaintiff has appealed.

A. L. Smongeski of Stevens Point, for the appellant.

For the respondent there was a brief by Goggins, Brazeau & Goggins of Wisconsin Rapids, and oral argument by B. R. Goggins.

ESCHWEILER, J.  The defendant had been in possession for more than twenty years prior to the commencement of the action of a right-angled triangular piece of land of about nine and one-half acres, with its base to the north and with the longer side to the east, where it was separated by a highway from lands owned by plaintiff.  The plaintiff also owned the land adjoining defendant to the north and west. All the lands were in section 31, town 21 north, range 9 east.

Prior to 1902 some doubt appeared to have existed as to the true location of the lines in this particular section 31. A petition appears to have been signed by defendant and other landowners in that vicinity to have such lines established, and pursuant thereto in 1902 a surveyor named Halliday located the government corners in that section and ran the lines across the same, subdivided the section, and fixed the exact boundaries of the respective lots into which that section had been subdivided, and placed his survey on record.

The survey, so far as the parties here are concerned, located the boundary lines between them more to the north and to the east than the former fence lines.

In 1904 the plaintiff and defendant recognized such new division line so moved to the north by each building a fence on his land about four and one-half feet from such new line.

The plaintiff asserts in this action that the defendant,

having so taken such additional strip of land on his north line, is legally or at least equitably bound to concede to plaintiff the strip of land on the westerly side of defendant's premises which would be included by the newly established line along that boundary.

As to such westerly strip, however, the defendant has, under the facts shown herein, established his absolute title. There is no showing made of any agreement between the parties or between defendant and any of the others who joined in the petition for the survey of 1902—the petition itself, however, not being offered in evidence—that defendant would be bound by the result of such survey as affecting his then title to any of the lands involved. The mere agreement by parties to have a survey made without a further binding agreement that they will abide by any resulting change in the then established and recognized lines would be insufficient to support plaintiff's present claim. *Anderson v. Huebel,* 133 Wis. 542, 545, 113 N. W. 975; *Duel v. Bluembke,* 154 Wis. 519, 143 N. W. 179; *Peters v. Reichenbach,* 114 Wis. 209, 215, 90 N. W. 184.

Defendant's legal title, therefore, to such strip along his westerly boundary line and up to the fence so long maintained there remains unimpaired, and the trial court was right in so disposing of the case.

The same result must be reached as to the one-half acre piece at the southerly tip of defendant's land.

The plaintiff further assigns as error the assessing by the court of $10.50 damages for plaintiff's trespass on defendant's lands on the ground that, the amount of damages being in dispute, it was a subject for jury assessment. The damages allowed being the minimum amount disclosed by the evidence, we cannot say that there was prejudicial error in this regard.

*By the Court.*—Judgment affirmed.